UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
UNITED STATES OF AMERICA,

            - against -                    **MEMORANDUM & ORDER**
                                                       22-CR-290 (MKB)

SHARIF LUCAS,

                     Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Defendant Sharif Lucas pleaded guilty on November 9, 2022, to one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (Indictment 1, Docket Entry No. 6; Min. Entry dated Nov. 9, 2022 (reflecting plea of guilty to the sole count of the Indictment).) On June 27, 2023, the Court sentenced Lucas to fifty-seven months of imprisonment[1] to be followed by two years of supervised release.[2] (Judgment 1–3, Docket Entry No. 23.) Lucas is currently incarcerated at Schuylkill Federal Correctional Institution ("FCI Schuylkill"), with an expected release date of October 29, 2026. *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Aug. 8, 2024).

---

    [1] At the time of sentencing, the Court found that Lucas had a total offense level of twenty-one and a criminal history category of III, resulting in a United States Sentencing Guidelines range of forty-six to fifty-seven months. (Tr. of Sent'g Hr'g ("Sent'g Tr.") 5:14–21, annexed to Def.'s Mot. for Reduction of Sentence as Ex. A, Docket Entry No. 26-1.)

    [2] The Court also sentenced Lucas to four months of imprisonment for violations of his supervised release for a previous offense, to be served consecutively to his sentence for being a felon in possession of ammunition conviction. (Min. Entry dated June 27, 2023; Sent'g Tr. 19:5–14.)

On November 1, 2023, Amendment 821 ("Amendment 821") to the United States Sentencing Guidelines (the "Guidelines") went into effect and was made explicitly retroactive.[3] *See, e.g.*, *United States v. Garcia*, No. 20-CR-673, 2024 WL 586459, at *1 (S.D.N.Y. Feb. 12, 2024) (noting that Amendment 821 "went into effect on November 1, 2023 and applies retroactively"). On May 22, 2024, Lucas filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 821 entitles him to a two-point reduction to his criminal history points and a one-level reduction to his criminal history category. (Def.'s Mot. for Reduction of Sentence ("Def.'s Mot.") 1, 3, Docket Entry No. 26.) On June 28, 2024, the government opposed the motion. (Gov't Opp'n to Def.'s Mot. ("Gov't Opp'n"), Docket Entry No. 28.)

For the reasons discussed below, the Court denies Lucas's motion for a reduction of his sentence.

**I.   Discussion**

    **a.   Legal framework for sentence reductions**

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," section 3582(c)(2) provides that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Reductions are therefore authorized only if they are consistent with the Sentencing Commission's policy statements — "namely [Guidelines] § 1B1.10." *Dillon v. United States*,

---

[3] U.S. Sent'g Comm'n, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited Aug. 8, 2024).

560 U.S. 817, 826 (2010) ("Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission' — namely, § 1B1.10.").[4] Section 3582(c)(2) thus establishes the following "two-step inquiry": "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*; *see also United States v. Osorio*, No. 13-CR-426, 2024 WL 308274, at *1 (E.D.N.Y. Jan. 26, 2024) (concluding at step one that "[a]ny reduction to [the defendant's] sentence would be inconsistent with § 1B1.10 and, therefore, unauthorized"); *United States v. Ross*, No. 15-CR-95, 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024) (denying appointment of counsel after applying the two-step inquiry and finding the defendant ineligible for a sentence reduction).

Pursuant to section 1B1.10 of the Guidelines, a court "determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" must first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced."[5] U.S.S.G. § 1B1.10(b)(1). The Sentencing Commission's policy

---

[4] Although the Supreme Court decided *Dillon* based on versions of section 3582 and the Guidelines that have since been amended, the language that applies to this case has remained the same: Section 3582 has been amended only once since *Dillon*, but subsection (c)(2) was left unchanged. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018). Section 1B1.10 of the Guidelines remains the "policy statement governing § 3582(c)(2) proceedings." *See Dillon*, 560 U.S. at 819; United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(a)(1) ("As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.").

[5] Amendment 821 is among those listed in subsection (d) to this section. U.S.S.G. § 1B1.10(d).

3

statements further provide that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" the amendment at issue "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B); *see also United States v. King*, 813 F. App'x 690, 692 (2d Cir. 2020) (observing that a "sentencing court cannot reduce [a] defendant's sentence if [the relevant] retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range'" (quoting U.S.S.G. § 1B1.10(a)(2)(B))); *cf. United States v. Jarvis*, 883 F.3d 18, 21 (2d Cir. 2018) ("[A] sentence reduction is not authorized if 'an amendment [to the Guidelines range] . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.'" (second alteration in original) (quoting *United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009))).

### b.  Lucas is entitled to a two-point reduction to his criminal history points

Lucas argues that he is eligible for a sentence reduction because under the new Guidelines, his criminal history points would be reduced from five to three points, and his criminal history category would be reduced from category III to II.  (Def.'s Mot. 3.)  Lucas argues that as a result, his total offense level is twenty-one, and his new criminal history category is II, resulting in an amended Guidelines range of forty-one to fifty-one months of imprisonment. (*Id.*)

The government does not contest that Lucas is eligible for a reduction to his criminal history points.  (Gov't Opp'n 2 n.1.)

Part A of Amendment 821 modified the calculation of "status points" added to a defendant's criminal history score under U.S.S.G. § 4A1.1.  In its previous form, section 4A1.1(d) instructed as follows: "Add 2 points if the defendant committed the instant offense

4

while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (May 3, 2023). Amendment 821 eliminated this subsection and replaced it with the following provision: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*; U.S.S.G. § 4A1.1(e).

The Court finds that Lucas is eligible for a two-point reduction in his criminal history points. (*See* Suppl. Presentence Rep. ("Suppl. PSR") 2, Docket Entry No. 25.) Pursuant to Amendment 821, Lucas should be assigned a total of three criminal history points, rather than five, because his initial Guidelines range included a two-point increase under the prior version of U.S.S.G. § 4A1.1(d), for committing his offense while on supervised release for a previous offense. (*See* Presentence Investigation Rep. ("PSR") ¶ 35, Docket Entry No. 13 ("The defendant committed the instant offense while under a criminal justice sentence, specifically, a term of Supervised Release for the September 2, 2019 offense. Therefore, per [U.S.S.G.] § 4A1.1(d), two points are added."); Suppl. PSR 2.) Thus, Lucas's criminal history category is II, rather than III. (*See* Suppl. PSR 2.) The Court also finds that, with a base offense level of twenty-one, the applicable revised Guidelines range is forty-one to fifty-one months of imprisonment. (*See* Suppl. PSR 3.)

  c. **The Court declines to reduce Lucas's sentence**

Lucas argues that "a sentence of [forty-one] months' imprisonment, the bottom of the newly reduced [Guidelines] range, is appropriate." (Def.'s Mot. 1.) In support of his request for a reduced sentence, Lucas argues that the Court's concern at his original sentencing of his risk of

reoffending due to his commission of the instant crime while serving a sentence of supervised release was "overstated both by the then-applicable [G]uideline and . . . the recency of his prior conviction."  (*Id.* at 4.)  Lucas also argues that he has had only one disciplinary incident during his time of incarceration, which took place during his detention at the Metropolitan Detention Center, Brooklyn, for having an untidy cell, and has had no disciplinary incidents during the remainder of his time.  (*Id.*)  Lucas also notes that he has taken many educational classes and works on the food service crew and at the recycling center at FCI Schuylkill.  (*Id.*)

The government argues that the Court should decline to reduce Lucas's sentence because the section 3553(a) factors do not warrant a reduction.  (Gov't Opp'n 4.)  In support, the government argues that the Court carefully considered all of the facts relevant to the section 3553(a) factors at Lucas's original sentencing, and that the Court's rationale at his original sentencing is still supported, because Lucas committed two independent federal firearm offenses, the second of which occurred ten months after his release from prison for the first offense, which indicates "recidivism through escalating violent crime," and therefore Lucas poses a danger to the community.  (*Id.* at 4–5.)  The government also contends that Lucas's conduct while incarcerated does not ameliorate these safety concerns nor entitle him to a sentence reduction because "model prison conduct is expected" of all incarcerated individuals.  (*Id.* at 5 n.3 (quoting *United States v. Veliu*, No. 17-CR-404, 2022 WL 2484240, at *5 (E.D.N.Y. July 6, 2022)).)

Upon consideration of the relevant section 3553(a) factors and for the following reasons, the Court declines to reduce Lucas's sentence and finds that a sentence of fifty-seven months of imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Without affording undue weight to any one factor or set of factors, the Court's decision is guided in part by 18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B), and (a)(2)(C). Section 3553(a)(2)(A) requires the Court, in part, to fashion a sentence that "promote[s] respect for the law," section 3553(a)(2)(B) requires that the Court's sentence "afford adequate deterrence to criminal conduct," and section 3553(a)(2)(C) requires that the Court's sentence "protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(2)(A)–(C). Granting Lucas's motion would be inconsistent with these factors. First, Lucas committed the instant offense while on supervised release for a prior offense. (PSR ¶ 35.) While Amendment 821 reflects the Sentencing Commission's updated view on appropriate sentences for defendants who commit offenses while serving criminal sentences, the fact is still relevant to the Court's consideration of an adequate sentence that "promote[s] respect for the law" and "afford[s] adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a)(2)(A)–(B); *see also United States v. Cirino*, No. 17-CR-232, 2024 WL 1068337, at *2–3 (D. Conn. Mar. 12, 2024) (finding the defendant eligible for a sentence reduction, but concluding that the section 3553(a) factors weighed against reducing the sentence because, *inter alia*, the defendant committed the offense while on supervised release); *United States v. Stephens*, --- F. Supp. 3d. ---, ---, 2024 WL 797829, at *3 (W.D.N.Y. Feb. 22, 2024) (declining to reduce the sentence in part because the defendant's conduct "occurred while [he] was on parole for a state felony offense"). Second, although the Court commends Lucas for his participation in rehabilitative programming, Lucas's criminal history indicates that a sentence of fifty-seven months is necessary to deter future criminal conduct and protect the public from further crimes. (*See* PSR ¶¶ 25–33); 18 U.S.C. §§ 3553(a)(2)(B)–(C). As the government notes, after serving his sentence for a previous federal firearm offense, Lucas then proceeded to commit the instant crime ten months after his release, under circumstances of

7

increased violence that endangered his community. (*See* Gov't Opp'n 4–5; PSR ¶¶ 6, 33); *see also United States v. Elendu*, No. 20-CR-179, 2024 WL 458643, at *3 (S.D.N.Y. Feb. 6, 2024) (finding that a reduction in sentence was not warranted where, in part, the defendant's "conduct was egregious and there was a significant need for individual deterrence").

## II. Conclusion

For the foregoing reasons, the Court denies Lucas's motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Dated: August 8, 2024
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge